IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**LEONARD NETTLES,**

    **Petitioner,**

vs.                                                        No. 3:10-CV-0736-D (BK)
                                                                                     ECF
**RICK THALER, Director,**                              **Referred to U.S. Magistrate Judge**
**Texas Department of Criminal**
**Justice, Correctional Institutions Division,**

    **Respondent.**

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Orders 3-251 and 3-283 and 28 U.S.C. § 636(b), this case has been referred to the undersigned for findings, conclusions, and a recommendation.

**A.** **Factual and Procedural History**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The respondent is Rick Thaler, Director of TDCJ-CID. Petitioner was convicted in 2008 and is presently serving a 12-year sentence for manslaughter. (*Id.* at 1). He did not file a direct appeal, but unsuccessfully pursued state habeas relief on two claims. (*Id.* at 3).

In April 2010, Petitioner filed this 28 U.S.C. § 2254 petition, raising several claims of ineffective assistance of counsel and arguing that the jury, trial court, appellate court, and state habeas court violated his constitutional rights in various respects. (*Id.* at 6-8; Doc. 2 at 2-13). Respondent filed an answer and the state court record, arguing that several of Petitioner's ineffective-assistance claims, as well as his claim of trial court error, are unexhausted and procedurally barred from habeas review because Petitioner did not raise those claims on direct appeal or in his state habeas petition. (Doc. 10 at 6-9). Respondent urges that Petitioner's claim

of state habeas error is not cognizable on federal review, and his remaining claims are without merit. (*Id.* at 10-13).

Petitioner filed a reply brief, contending that Respondent has violated N.D.Tex. Local Rule 5 by not providing the trial transcripts to the Court and, thus failing to fully address Petitioner's claims. (Doc. 11 at 1-2). Further, Petitioner requests that this Court either (1) dismiss his unexhausted claims and stay his section 2254 petition to allow him to exhaust his unexhausted claims in state court or (2) allow him to waive his unexhausted claims. (*Id.* at 3-4).

B. **Procedurally Barred Claims**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review on direct appeal or in an application for a writ of habeas corpus. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner's failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause and prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

As noted above, Petitioner did not file a direct appeal following his conviction. However, a review of Petitioner's state habeas petition reveals that, contrary to the state's assertion, he did raise a claim that the trial court committed error by allowing the jury to change its verdict. (Doc.

2

10 at 6-9); (See State Court Record, *Ex Parte Nettles* No. 73,544-01 at Habeas Petition). Thus, that claim will be reviewed on the merits below. Nevertheless, the state is correct that Petitioner did not raise on state habeas review his claims that the trial judge gave an erroneous *Allen* charge or that his counsel was ineffective for failing to (1) object to a change in the jury's foreman, (2) move to suppress his statements based on a purported *Miranda* violation, and (3) file an appeal based on the jury's misconduct in changing its verdict. (Doc. 10 at 6-10). Thus, these claims are unexhausted. *Morris*, 413 F.3d at 491.

Ordinarily, a federal district court must dismiss a "mixed" habeas petition (one which contains both exhausted and unexhausted claims) without prejudice, allowing either resubmission of only the exhausted claims or total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). Petitioner asks for either (1) a stay of his case and dismissal of his unexhausted claims so that he can return to state court to exhaust his remedies or (2) permission to delete his unexhausted claims and proceed only with the exhausted claims. (Doc. 11 at 2-4). However, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, this Court can treat those claims as providing no basis for federal habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). In this case, were Petitioner allowed to attempt to exhaust his claims, he would be procedurally barred from doing so under the Texas abuse of the writ doctrine. Tex. Code Crim. Proc. art. 11.07 § 4 (providing that a state habeas court may not consider claims raised in a successive habeas petition unless the claims are based on newly discovered facts or new law or tend to show actual innocence); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Accordingly, these claims are procedurally barred from federal habeas

review, and the Court should neither stay this case nor permit Petitioner to delete his unexhausted claims from his section 2254 petition. *Morris*, 413 F.3d at 491.

Petitioner does not contend that a fundamental miscarriage of justice would occur if this Court declined to consider the merits of his procedurally-barred claims. Moreover, he only alleges cause and prejudice to excuse the default of his claim that trial counsel was ineffective for failing to file an appeal based on the jury's misconduct. *See Ries*, 522 F.3d at 523-24. As for that claim, he argues that cause and prejudice exists to excuse the procedural default because the state habeas court denied him the right to raise this supplemental ground in his habeas petition. (Doc. 11 at 2). However, because his claim of jury misconduct is itself baseless as described below, Petitioner cannot show that the state habeas court's refusal to allow him to supplement his habeas petition to add the related ineffective-assistance claim prejudiced him. *Id.*

C. **Applicable Substantive Law and Analysis**

A state prisoner may file an action under 28 U.S.C. § 2254 if he believes that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). "The Constitution does not guarantee every state defendant an error-free trial and before a federal court may overturn a state conviction, it must find an error that amounts to a failure to observe that fundamental fairness essential to the very concept of justice." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) (quotations omitted). Further, under 28 U.S.C. § 2254(d), a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to clearly established federal law" within the meaning of section 2254(d)(1) if the state court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" provision is violated if the state court correctly identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 407-08. Under section 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

   1.    **Jury Misconduct**

Petitioner argues that the jurors committed misconduct after they first found him not guilty and then changed their minds based on two jurors' statements that they were not ready for the judge to announce the verdict. (Doc. 2 at 3, 5-6). He also raises related claims that the trial court wrongly allowed the change to the verdict, his counsel was ineffective for failing to object, and the state habeas court erroneously refused to allow him to raise this claim. (*Id.* at 5, 9-10, 12;

5

Doc. 1 at 6-8). The state argues that even if the jurors did change their minds, that would not have been misconduct. (Doc. 10 at 10-11).

Petitioner cites to no federal cases to suggest that the alleged jury misconduct violated a constitutional right such as due process. Instead, he cites Texas state statutes and cases and vaguely argues that the jury's misconduct deprived him of a fair trial, which arguably is not sufficient to state a cognizable claim in a section 2254 petition. (Doc. 2 at 5-7); *McCotter*, 786 F.2d at 700. Assuming, *arguendo*, that this allegation is sufficient to raise a due process violation, the claim nevertheless fails on the merits.

The trial in this case was not transcribed. The state habeas court made fact findings on the claim, determining that the jury became deadlocked and sent out a note to the judge, after which the judge issued an *Allen* charge, and the jury thereafter reached a unanimous verdict. (*See* State Court Papers, *Ex Parte Nettles*, No. 07-13993-S(A), *Findings of Fact and Conclusions of Law* at 28-31). Further, even if the jurors had changed their minds, the court found that they did so before the verdict was announced in open court and, thus, no violation of Texas law or ineffective assistance of counsel occurred. (*Id.* at 30) (citing Tex. Code Crim. Proc. art. 37.04).

The note the jury sent to the judge simply states that the jurors were divided and needed to know how to proceed. (See State Court Papers, *Ex Parte Nettles*, *State's Response to Application for Writ of Habeas Corpus* at Exh. 1). Because the trial was not transcribed, there is no further indication in the record regarding what transpired. While Petitioner contends that the lack of transcripts violates N.D. Tex. Local Rule 5 because it impedes the Court's ability to fully address Petitioner's claims, Local Rule 5 does not contain any requirement that transcripts be filed. (Doc. 11 at 1-2); *see* N.D. Tex. Local Rule 5.1-5.4.

Texas Code of Criminal Procedure article 37.04 provides that "[w]hen the jury agrees upon a verdict, it shall be brought into court . . . and if [the jury] states that it has agreed, the verdict shall be read aloud . . . . If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered." This rule expressly contemplates the possibility that a juror may disagree with a verdict before it is read and entered. Petitioner does not suggest that the state court's decision on this issue was contrary to, or an unreasonable application of, clearly established Supreme Court law or that the state court's decision was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Moreover, Petitioner has not rebutted the presumption that the state court's resolution of the relevant factual issues was correct. 28 U.S.C. § 2254(e)(1). Accordingly, Petitioner's claim of juror misconduct, as well as his related claims of trial court error and state habeas court error, fail. (Doc. 2 at 5, 9-10, 12).

2.      **Ineffective Assistance of Counsel**

The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To make such a showing, a prisoner must prove two things. First, the prisoner must show that counsel's performance was deficient. Second, the prisoner must establish that the deficient performance prejudiced the defense. *Id.* at 687.

Petitioner argues that his attorney was ineffective because he was unprepared to try the case, did not know the facts of the case, and did not discuss a defense with him. (Doc. 2 at 8-9). Petitioner does not, however, explain what specific facts his counsel was unaware of or what

7

potential defense could have been raised, nor does he provide any detail to demonstrate counsel's alleged failure to prepare for the case. Petitioner's allegations are conclusory and speculative and cannot form the basis for section 2254 relief. *See United States v. Demik,* 489 F.3d 644, 646-47 (5th Cir. 2007) (holding that a movant's claim of ineffective assistance of counsel must be stated with specificity, and " allegations" and "generalized assertions" of error will not suffice).

### 3. Appellate Court Error

In his last claim, Petitioner contends that the appellate court erred in not determining whether the trial court's *Allen* charge was incorrect. (Doc. 2 at 12). However, the record reveals that no direct appeal was filed in this case, and thus there is no support for Petitioner's claim.

### D. Recommendation

For the foregoing reasons, the court should **DENY** Petitioner's section 2254 petition for a writ of habeas corpus.

**SO RECOMMENDED** on September 24, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE